UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **ROBERT LITTLETON, III,** | } |
| | } |
|     Petitioner, | } |
| | } |
| v. | }    Case No.: 3:14-cv-0371-RDP-JEO |
| | } |
| **DERRICK CARTER, and the** | } |
| **ATTORNEY GENERAL OF THE STATE** | } |
| **OF ALABAMA,** | } |
| | |
|     Respondents. | |

## MEMORANDUM OPINION

On November 28, 2016, the Magistrate Judge's Report and Recommendation (Doc. # 21) was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. In response to a Motion (Doc. # 22) by Petitioner, the Magistrate Judge granted Petitioner an extension of time within which to file objections. On January 9, 2017, Petitioner filed objections to the Magistrate Judge's Report and Recommendation (Doc. # 24). Additionally, Petitioner filed a Motion to Expand Record (Doc. # 25) and Motion to Stay All Proceedings (Doc. # 26). Finally, on January 20, 2017, Petitioner filed a Motion to Amend Objections (Doc. # 27), which sought to present additional objections to the Magistrate Judge's Report and Recommendation. The court grants Petitioner's request with respect to his Motion to Amend Objections (Doc. # 27), and considered the objections raised in Petitioner's Motion.

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Petitioner's objections thereto, the court hereby **ADOPTS** the Report of

the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge that the petition for writ of habeas corpus be denied.

While Petitioner makes a number of objections to the Magistrate Judge's findings, his objections are largely the same as arguments that he has previously made, and that were rejected in the Magistrate Judge's Report and Recommendation. For example, he raises in his objections the following arguments: 1) he did not receive proper notice that his first Rule 32 petition was denied; 2) his conviction for Sexual Abuse should be treated as a misdemeanor conviction as a matter of law; 3) his conviction is in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article 1 § 9 of the Alabama Constitution; 4) there was insufficient evidence to support his conviction; and 5) that the indictment returned against him was ineffective. (*See* Doc. # 24 at pp. 3, 5, 6, 11, 13, 20). The Magistrate Judge's Report and Recommendation appropriately addresses, and disposes of, each of these arguments, in turn.

Further, in his objections, Petitioner argues that he is "actually innocent." (Doc. # 24 at p. 7). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In his objections, however, Petitioner presents no new evidence to the court at all. Instead, he again parses the testimony that was offered at trial. He argues that he "never touched the alleged victim's anus or vagina with his penis," and the testimony that "he tried" is not enough to support his conviction. (Doc. # 24 at p. 7). This is not the sort of "new evidence" required to support a finding of actual innocence. Further, as appropriately found by the Magistrate Judge, whether Petitioner actually penetrated the victim

was not a question presented to or decided by the jury with respect to the charges of attempted sodomy, attempted rape, and sexual abuse against him.  (Doc. # 21 at pp. 33-34).  Thus, Petitioner's contention that the victim's testimony at trial included statements that he attempted to stick his penis "in [her] rear end" (Doc. # 24 at p. 53-54), and that "he would spread them and rub it all up and down each" two to three times a week (Doc. # 24 at p. 54-55) are fatal to his claim of actual innocence.

Finally, an assertion of actual innocence is not a standalone right to relief, and instead serves only as a gateway to the consideration of otherwise procedurally barred claims.  *House v. Bell*, 547 U.S. at 536.  While the Magistrate Judge's Report and Recommendation addressed certain procedural bars, it additionally made independent findings on the merits of each claim raised by Petitioner.  In adopting the Magistrate Judge's Report and Recommendation, the court notes that Petitioner's claim of actual innocence fails because Petitioner's claims fail independent of any finding of procedural default.

Additionally, Petitioner's Motion to Expand the Record (Doc. # 25), is due to be, and is, **DENIED**.  In his Motion (Doc. # 25), Petitioner requests that the court expand the record to include the trial transcripts of his criminal trial as well as copies of all petitions and motions he has filed in state court since the Government filed its Answer in this case.  While the State must attach to its answer the parts of the state-court record "that the [State] considers relevant," the court may additionally order the State to furnish other parts of that record when necessary. Rule 5(c), § 2254 HABEAS RULES; *see also Hightower v. Terry*, 459 F.3d 1067, 1071 n. 7 (11th Cir. 2006).  Further, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 7(a), § 2254 HABEAS RULES.

The district court's authority to expand the record is discretionary, not a mandatory requirement. After a review of Petitioner's claims and the record, the court finds no need to expand the record. *See Mandeville v. Smeal*, 578 F. App'x 149, 150 (3d Cir. 2014) ("There is… no universal requirement, either in the Federal Rules or any binding precedent, that district courts must obtain or read the entire record of state criminal proceedings for every habeas petition); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) ("While the review of a state court transcript is occasionally necessary in habeas cases, it is certainly not required…). Although Petitioner requests the court to expand the record to include the full transcript of his trial, each claim Petitioner has advanced is due to be denied on grounds independent from any language or text in the trial transcript (which Petitioner alleges support his positions). Further, the portions of testimony from the trial that Petitioner provides for the record are actually, in and of themselves, enough to undermine his sufficiency of the evidence claims. Additionally, the court need not enter an order expanding the record to include Petitioner's most recently filed state court motions. Indeed, the court may "take judicial notice of the state and federal court proceedings in which [a petitioner] was convicted or attacked his conviction." *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). Accordingly, the court may appropriately consider Petitioner's additional filings without any need to grant relief in the form that Petitioner requests.

Finally, Petitioner's Motion to Stay All Proceedings (Doc. # 26) is **DENIED**. Petitioner contends that he filed a Motion styled "Petition for Writ of Habeas Corpus for Immediate Release" in the Circuit Court of Montgomery County, which was denied on December 20, 2016. He contends that he filed a motion to reconsider that ruling as well as a notice of appeal in the

Court of Criminal Appeals, and requests that the court stay this federal habeas corpus action while he continues the appeal his state habeas corpus petition.

There are certainly situations where such a stay would be permissible. A federal district court has the discretion to stay a "mixed" petition (*i.e.*, a petition for habeas corpus relief that contains some claims that are exhausted and some that are not) to allow the petitioner to present his unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269 (2005). However, "stay and abeyance should be available only in limited circumstances."[1] *Id.* at 277. Accordingly, a stay and abeyance is only appropriate when the district court finds that there was good cause for the petitioner's failure to exhaust his claims in state court, and a district court would "abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*. Here, there is not.

Petitioner has represented to the court that he believes he has exhausted all of the remedies available to him in the Alabama State Courts and accordingly, does not contend that he has brought a mixed petition in the present action. (*See* Doc. # 24 at pp. 1-2). Nor does he seek a stay based on a need to exhaust certain claims of his. However, even if that were Petitioner's rationale, his motion is nonetheless due to be denied. The court finds no good cause for Petitioner's failure to exhaust certain of his claims in state court prior to filing the present petition. Further, as thoroughly detailed in the Magistrate Judge's Report and Recommendation, each of Petitioner's claims are not only procedurally barred but also due to be denied on their merits. Accordingly his Motion to Stay is **DENIED**.

A separate order in accordance with the Memorandum Opinion will be entered.

---

[1] The court notes that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277.

**DONE** and **ORDERED** this January 23, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE